# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMY WATSON and SONJA L. TAYLOR-BRAY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 10-978-LPS |
| | : | |
| DEPARTMENT OF SERVICES FOR CHILDREN, YOUTHS AND THEIR FAMILIES DELAWARE and AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, | : : : : : | |
| | : | |
| Defendants. | : | |

Jimmy Watson, Wilmington, Delaware, and Sonja L. Taylor-Bray, Harrington, Delaware, Pro Se Plaintiffs.

Janice R. Tigani and Kevin R. Slattery, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Delaware Department of Services for Children, Youths and Their Families.

Lance M. Geren, Esquire, Freedman and Lorry, P.C., Wilmington, Delaware, and Michael L. Artz, Esquire, Washington, DC. Counsel for Defendant American Federation of State, County and Municipal Employees.

## <u>MEMORANDUM OPINION</u>

March 30, 2012
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiffs Jimmy Watson ("Watson") and Sonja L. Taylor-Bray ("Taylor-Bray") (together "Plaintiffs"), formerly employed as youth rehabilitation counselors in facilities operated by Defendant Delaware Department of Services for Children, Youths and Their Families ("DSCYF"), filed this action pursuant to 42 U.S.C. § 1981 alleging discrimination.[1] (D.I. 3, 10) They appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 6, 8) Presently before the Court are Defendants' Motions to Dismiss, DSCYF's Motion to Extend Time to Respond to Discovery, Plaintiffs' Motion for Summary Judgment, and Defendants' Motions to Extend Time to Respond to Plaintiffs' Motion for Summary Judgment.[2] (D.I. 13, 20, 34, 38, 39, 40) For the reasons that follow, the Court will grant Defendants' Motions to Dismiss, will deny as moot DSCYF's Motion to Extend Time to Respond to Discovery, will deny as premature Plaintiffs' Motion for Summary Judgment, and will deny as moot Defendants' Motions to Extend Time to Respond to Plaintiffs' Motion for Summary Judgment.

---

[1]Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999).

[2]DSCYF and Plaintiffs submitted matters outside the pleadings in support of, and in opposition to, DSCYF's Motion to Dismiss. Federal Rule of Civil Procedure 12(d) provides that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to, and not excluded by, the Court, the matter shall be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56. With regard to the 12(b)(6) motions, the Court will not consider the matters submitted outside the pleadings by the parties and, hence, will treat DSCYF's motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court, however, may consider matters outside the pleadings when ruling on a Rule 12(b)(1) motion.

## II.    **BACKGROUND**

Plaintiffs filed this action pursuant to 42 U.S.C. § 1981.[3]  (D.I. 3, 10)  Plaintiffs were full-time State of Delaware employees assigned to the DSCYF.  They allege that minority merit employees were disparately impacted, and their civil rights violated, as a result of a plan to reduce State jobs.  In addition, they allege they were mandated by the State to join or pay an equivalent of dues to Defendant American Federation of State, County and Municipal Employees International (Local 2004) ("AFSCME") as the exclusive employee representative organization. Neither the Complaint nor Amended Complaint provide facts of Plaintiffs' hire dates or termination dates, but they allege that Defendants refused to reinstate Plaintiffs.  In addition, while not clear, it appears that Plaintiffs allege Defendants would not accommodate them by placing them in restrictive duty assignments.

Plaintiffs allege that AFSCME assisted in targeting officers/counselors by allowing Local 2004 members to perform duties outside of their classification and under an expired contract. Around 2006, youth rehabilitation cooks were returned to the class of corrections, while youth rehabilitation counselors were terminated and denied their due process rights.  Plaintiffs further allege that the adverse actions of the State were permitted and aided by the negligent duty of AFSCME when it failed to provide legal representation and prevent or cease the systemic and contractual violations against the group of workers.  Plaintiffs allege that AFSCME and management colluded and that AFSCME exhibited a conflict of interest when it refused to acknowledge or process grievances Plaintiffs submitted without permission from Council

---

[3]Plaintiffs also invoke 19 Del. C. § 3314, a section of the Delaware code pertaining to the disqualification of unemployment compensation benefits.

81/Local 2004. Plaintiffs seek compensatory and punitive damages and reinstatement of their employment.

DSCYF moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the bases that 42 U.S.C. § 1981 does not apply to State actors, the Title VII claims are time-barred, and Plaintiffs' allegations of wrongful discharge and failure to represent are state, not federal, causes of action. (D.I. 14) AFSCME moves for dismissal pursuant to Rule 12(b)(6) on the grounds that Plaintiffs fail to state a claim pursuant to 42 U.S.C. § 1981, AFSCME is not legally responsible for its affiliated organizations, the Complaint fails to allege intentional discrimination by AFSCME, and Plaintiffs failed to exhaust their administrative remedies prior to filing the instant lawsuit. (D.I. 21) Finally, Plaintiffs move for summary judgment. (D.I. 38)

## III.  **MOTIONS TO DISMISS**

### A.  **Legal Standard**

#### 1.  **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring its claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. *See Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject matter jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the

3

allegations in the Complaint. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *See Mortensen*, 549 F.2d at 891.

### 2. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

4

662, 129 S.Ct. 1937, 1949 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## B.    Eleventh Amendment Immunity

DSCYF moves for dismissal of the claims raised against it pursuant to § 1981 by reason of Eleventh Amendment immunity. Plaintiffs' response does not address the issue.

Plaintiffs' claims against the DSCYF are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

The State has not waived it immunity and Congress did not abrogate states' sovereign

5

immunity when it passed 42 U.S.C. § 1981. *See Boykin v. Bloomsburg Univ. of Pa.*, 893 F.Supp. 378, 394 (M.D. Pa.1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996); *Rode vs. Dellarciprete*, 617 F.Supp. 721, 723 (M.D. Pa. 985), *aff'd*, 845 F.2d 1195 (3d Cir. 1988).

The DSCYF is immune from suit. Accordingly, the Court will grant its motion to dismiss the claims raised against it.

### C.    42 U.S.C. § 1981

AFSCME moves for dismissal of the § 1981 claim raised against it for failure to state a claim upon which relief may be granted. Plaintiffs' response does not address the issue other than to state that "AFSCME is not being accused of discrimination." (D.I. 26 at 5)

42 U.S.C. § 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a claim under section § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted).

After considering Plaintiffs' sparse allegations against AFSCME and their admission that the Complaint does not accuse AFSCME, the Court concludes that Plaintiffs have failed to allege

6

the elements of a § 1981 claim against AFSCME. Therefore, the Court will grant AFSCME's motion to dismiss the § 1981 claims.

## D.    Title VII

The Complaint and its Amendment do not raise Title VII claims. In what appears to be an abundance of caution, Defendants move for dismissal of all Title VII claims on the grounds that they are time-barred. Plaintiffs, in their oppositions, refer to 42 U.S.C. § 2000e and 42 U.S.C. § 405(g). Section 2000e is a section of Title VII and § 405(g) is an inapplicable section of the Social Security Act that provides for judicial review. Plaintiffs did not address Defendants' positions that all Title VII claims are time-barred.

A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Title VII provides that a complainant has ninety days from the receipt of an EEOC right to sue letter to file an action in court. *See* 42 U.S.C. § 2000e-5(f)(1); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

It does not appear that Watson filed a charge of discrimination. Taylor-Bray filed a charge of discrimination on September 28, 2009, alleging discrimination based upon retaliation and disability. (D.I. 14 at Ex. K) The EEOC's notice of dismissal and right to sue was issued on March 23, 2010. (*Id.*) Plaintiffs did not file the instant action until November 10, 2010. Thus, Taylor-Bray's Title VII claims are time-barred as long as she received the right to sue notice in or before July 2010 (i.e., more than 90 days prior to November 10, 2010). Plaintiffs do not contend that Taylor-Bray received the right to sue notice after July 2010.

For the above reasons, the Court will grant Defendants' Motions to Dismiss Title VII

7

claims as time-barred.

### E. First Amendment/Due Process

Plaintiffs indicate that they have "reexamined their Complaint/Amended Complaint" and their claim concerns violations of their First Amendment rights for impeding their freedom to associate, not disability. (D.I. 26, at 4; D.I. 27 at 6) Their response also appears to allege that DSCYF violated Plaintiffs' due process rights and that AFSCME retaliated and allowed Plaintiffs' removal from employment.[4] These claims are not contained in the Complaint or Amended Complaint, Plaintiffs have not sought leave to amend to raise such claims, and they are not before the Court. In addition, the Court notes that, at this juncture, all claims have been dismissed and, therefore, Plaintiffs' Motion for Summary Judgment is premature.

Inasmuch as Plaintiffs proceed *pro se*, the Court liberally construes their responses as seeking to amend to add new claims. Since Plaintiffs may be able to articulate a claim against a defendant or name alternative defendants, they will be given an opportunity to file an amended complaint. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (not published) (stating leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### IV.    DISCOVERY

DSCYF moves for an extension of time of thirty days to respond to Plaintiffs' discovery requests. (D. I. 34) It appears that DSCYF subsequently provided its responses to Plaintiffs' discovery requests. (D.I. 37) Additionally, as explained in this Memorandum Opinion,

---

[4]As discussed above, claims against DSCYF are barred by the Eleventh Amendment.

Plaintiffs' claims against DSCYF are being dismissed. Accordingly, the Court will deny DSCYF's motion as moot.

## V.    CONCLUSION

For the above reasons, the Court will grant Defendants' Motions to Dismiss, deny DSCYF's Motion to Extend Time to Respond to Discovery as moot, will deny as premature Plaintiffs' Motion for Summary Judgment, and will deny as moot Defendants' Motions to Extend Time to Respond to Plaintiffs' Motion for Summary Judgment. Plaintiffs will be given leave to file an Amended Complaint.

An appropriate Order follows.