# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMY WATSON and SONJA L. TAYLOR-BRAY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 10-978-LPS |
| | : | |
| DEPARTMENT OF SERVICES FOR CHILDREN, YOUTHS AND THEIR FAMILIES DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SONJA L. TAYLOR-BRAY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. No. 12-019-LPS |
| | : | |
| DEPARTMENT OF SERVICES FOR CHILDREN, YOUTHS AND THEIR FAMILIES DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

Jimmy Watson, Wilmington, Delaware and Sonja L. Taylor-Bray, Harrington, Delaware, Pro Se Plaintiffs.

Janice R. Tigani and Kevin R. Slattery, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Delaware Department of Services for Children, Youths and Their Families.

Lance M. Geren, Esquire, Freedman and Lorry, P.C., Wilmington, Delaware, and Michael L. Artz, Esquire, Washington, DC. Counsel for Defendant American Federation of State, County and Municipal Employees.

**MEMORANDUM OPINION**

June 8, 2012
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

**I.  INTRODUCTION**

Plaintiff Sonja L. Taylor-Bray ("Plaintiff"), formerly employed as a youth rehabilitation counselor in facilities operated by Defendant Delaware Department of Services for Children, Youths and Their Families ("DSCYF"), filed Civil Action No. 12-019-LPS pursuant to 42 U.S.C. § 1981 and § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, alleging gender discrimination and unfair labor practices.[1] (D.I. 2) She appears pro se and has been granted leave to proceed in forma pauperis. (D.I. 6) The Court proceeds to review and screen the Complaint in Civil Action No. 12-019-LPS pursuant to 28 U.S.C. § 1915(e)(2)(B).

**II.  BACKGROUND**

Plaintiff was hired by the State of Delaware in 2002 and assigned to the DSCYF. She was injured on June 9, 2008 and released from physician's care in December 2008 with instructions not to exceed medium duty work. DSCYF placed Plaintiff on restricted duty in the control room. She was removed from her day shift – a position she had attained through seniority – and placed on the third shift. Plaintiff alleges that Defendants, supervisor Donald Mcilvain ("Mcilvain") and superintendent John Stevenson ("Stevenson"), denied her the same employment terms and conditions as afforded to other workers.

Plaintiff presented grievances to her local union, through the shop steward, and was told that no grievances would be filed on her behalf without clearance from Local 2004 president Defendant Cameron Henry ("Henry"). Later, Plaintiff was informed by Henry that Defendant

---

[1] The Complaint contains a "Reference Page" listing several documents, none of which are attached to the Complaint. Additionally, Plaintiff did not provide a copy of the charge of discrimination.

1

American Federation of State, County and Municipal Employees International ("AFSCME") had given permission to expel Plaintiff from the union.

Plaintiff requested a transfer to an administrative clerk position, but was informed that she was not hired for that position. She filed grievances concerning DSCYF's indifference towards her inquiries, as follows: (1) on December 23, 2008, asserting discrimination due to disability; (2) on February 11, 2009, complaining she was removed or bumped from her seniority assigned shift; (3) on February 12, 2009, complaining of unfair overtime opportunities and preferential treatment offered to a male co-worker; and (4) on February 17, 2009, asking to be made whole and for clarification of restrictive duties with respect to seniority.

Plaintiff alleges that Stevenson responded to the grievances by removing her from her duties. When she arrived for work on February 24, 2009, Plaintiff was advised that she would be removed from duty effective March 12, 2009 and instructed to contact the insurance provider regarding short-long term disability. She received a petition for termination the same date. On March 8, 2009, Plaintiff emailed Stevenson and human resource manager Defendant Susan Jones ("Jones"), asking if she was being terminated; she was later told there was no recommendation for termination. While unclear, it appears that the petition for termination was withdrawn. Following contact with Stevenson and Jones, Plaintiff was placed on workers' compensation and advised by the insurance carrier that she was not eligible to receive both workers' compensation and disability benefits.

On March 26, 2009, Plaintiff attempted to check her work emails and discovered that Stevenson had closed her email account. She filed an internal complaint of discrimination on April 9, 2009. Plaintiff emailed Smith on June 17, 2009 regarding the status of her

discrimination complaint and, the next day, received a recommendation for termination from DSCYF. During the pre-termination hearing, Plaintiff submitted physician's instructions to release her to regular duty. While waiting for the hearing result, Plaintiff was advised by a DSCYF human resources technician that short-long term disability commences when an employee's workers' compensation exceeds one year.

Plaintiff alleges that she was terminated without any indication her job was in jeopardy until she received the termination recommendation letter. According to Plaintiff, it was unclear what medical documentation would suffice to prevent her termination. Plaintiff discovered on June 9, 2009 that the DSCYF had placed her on leave with pay to run out her accrued sick leave.

Following her termination, on July 29, 2009, Jones, by way of a human resources technician, allegedly falsely reported to the disability insurance provider that Plaintiff's position was classified as medium/heavy duty. A step three hearing was held on September 23, 2009, but the hearing officer ignored evidence that Plaintiff's position was classified as medium duty. On October 28, 2009, Jones testified that there was no classification and that an employee is prohibited from having any restrictions.

Plaintiff pursued an administrative remedy through the State of Delaware Merit Board ("MERB"), but it was denied for jurisdictional reasons. The MERB held a hearing on October 1, 2009, at which testimony was presented that Plaintiff had been instructed – but had failed – to apply for short-term disability. Plaintiff did not receive disability benefits because she received workers' compensation benefits. Defendant employee representative Pat Bailey ("Bailey") failed to appear for the MERB hearing.

At the MERB hearing, it was indicated that Plaintiff's remedy was through the State Benefits Commission appeal process. Plaintiff unsuccessfully sought an administrative remedy through Defendant State of Delaware Public Employment Relations Board ("PERB").[2] A hearing was held before the Industrial Board on February 17, 2010, but Plaintiff did not receive notice of the hearing until February 16, 2010, due to inclement weather. It appears that Plaintiff attended the hearing (although this is unclear).

At some point, Plaintiff submitted a charge of gender discrimination against DSCYF. She received a right to sue letter on December 22, 2011. (D.I. 5) Plaintiff, a member of the AFSCME International Local 2004, alleges that AFSCME and DSCYF refused to provide "indiscriminate rights and privileges of representation" and ignored medical clearance and grievances. She alleges her termination violated her procedural and substantive due process rights. In addition, she alleges violations of her First Amendment rights when her grievances were ignored and she was denied equal conditions of employment as compared to other workers. Finally, Plaintiff alleges that AFSCME failed or refused to protect her collective bargaining rights as compared to other union members. Plaintiff seeks back pay, reinstatement and reassignment, and damages.

### III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

---

[2]PERB is a quasi-judicial agency whose mission is to promote harmonious and cooperative relationships between public employers and their represented employees by enforcing the State of Delaware's collective bargaining laws. *See* http://perb.delaware.gov.

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Plaintiff's § 1981 and § 1983 claims against the DSCYF and PERB[3] are barred by the

---

[3]PERB is a quasi-judicial agency of the State of Delaware established by 14 Del. C. § 4006; it administers the Public Employment Relations Act. *See* 19 Del. C. § 1306. Absolute immunity is available to "certain 'quasi judicial' agency officials who, irrespective of their title,

6

State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

The State has not waived its immunity and Congress did not abrogate states' sovereign immunity when it passed 42 U.S.C. § 1981. *See Boykin v. Bloomsburg Univ. of Pa.*, 893 F.Supp. 378, 394 (M.D. Pa. 1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996); *Rode vs. Dellarciprete*, 617 F.Supp. 721, 723 (M.D. Pa. 1985), *aff'd*, 845 F.2d 1195 (3d Cir. 1988). The DSCYF and PERB are immune from suit as to the § 1981 and § 1983 claims. Accordingly, the Court will dismiss these claims pursuant to 28 U.S.C. § 1915e(2)(B).

### B. **Defective Pleading**

The caption of the Complaint lists as Defendants Vivian Rapposelli, Rick Shaw, Charles Long, Elizabeth Maron, R. Rober Currie, Jr., Kathie A. Karsnitz, John Seferian, and Mike Begatto. However, the body of the Complaint makes no mention of them. Accordingly, the foregoing Defendants will be dismissed without prejudice.

### C. **42 U.S.C. § 1981**

It appears that Plaintiff attempts to raise a claim pursuant to 42 U.S.C. § 1981. Section 1981(a) provides:

---

perform functions essentially similar to those of judges . . . in a setting similar to that of a court." *Butz v. Economou*, 438 U.S. 478, 511-17 (1977); *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999).

7

> All persons within the jurisdiction of the United States shall have
> the same right in every State and Territory to make and enforce
> contracts, to sue, be parties, give evidence, and to the full and equal
> benefit of all laws and proceedings for the security of persons and
> property as is enjoyed by white citizens, and shall be subject to like
> punishment, pains, penalties, taxes, licenses, and exactions of
> every kind, and to no other.

To state a claim under section § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts . . . ." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (internal citation omitted).

After considering Plaintiff's allegations, none of which refer to race discrimination, the Court concludes that Plaintiff has failed to plead the elements of a § 1981 claim. Therefore, the Court will dismiss the § 1981 claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

### D.  42 U.S.C. § 1983

The Complaint refers to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent that Plaintiff attempts to raise § 1983 claims, they are time-barred.

Plaintiff filed her Complaint on January 10, 2012. Section 1983 claims are subject to Delaware's two-year statute of limitations for personal injury actions. *See Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993); *see also* 10 Del. C. § 8119. When the affirmative defense of statute of limitations is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred action *sua sponte* under 28 U.S.C.

8

§ 1915(e)(2)(B)(ii) for failure to state a claim. *See Smith v. Delaware Cnty. Court*, 260 F. App'x 454, 455 (3d Cir. Jan. 10, 2008) (not published); *Wakefield v. Moore*, 211 F. App'x 99 (3d Cir. Dec. 7, 2006) (not published).

All acts that occurred prior to January 10, 2010 are time-barred. It is evident from the face of the Complaint that Plaintiff's § 1983 claims relating to events prior to this date are barred by the applicable two-year limitations period.

The only possible § 1983 claims that are not time-barred occurred when Plaintiff unsuccessfully sought an administrative remedy through PERB and relating to the Industrial Board hearing on February 17, 2010. However, the Complaint contains no allegations against individual State actors with respect to these efforts. In addition, the § 1983 claims fail to the extent Plaintiff attempts to raise them against AFSCME, Pat Bailey ("Bailey"), and Cameron Henry ("Henry"), none of whom are State actors.

For the above reasons, the Court will dismiss all § 1983 claims that occurred prior to January 10, 2010 as time-barred pursuant to 28 U.S.C. § 1915(e)(2)(B), and will dismiss the § 1983 claims against AFSCME, Bailey, and Henry, none of whom are State actors.

E. **Title VII**

Plaintiff raises a gender discrimination claim against DSCYF and has provided the Court with notice of right to sue letter, but failed to provide the Court with a copy of her charge of discrimination. Liberally construing the Complaint, as the Court is required to do, Plaintiff appears to have alleged a cognizable Title VII gender discrimination claim. Plaintiff will be required to provide the Court with a copy of the charge of discrimination alleging gender discrimination.

9

## F. Unfair Labor Practices

Plaintiff alleges that her grievances were ignored in violation of her First Amendment rights, she was denied equal conditions of employment, and she was denied her due process rights during the grievance procedure and during the termination proceedings. Liberally construing the Complaint, as the Court must, Plaintiff appears to have adequately alleged an unfair labor practices or duty of fair representation claim against Defendants AFSCME, Bailey, and Henry.

## V. CONSOLIDATION OF CASES

Plaintiff filed the instant Complaint in Civil Action 12-019-LPS on January 10, 2012, alleging employment discrimination and unfair labor practices. (D.I. 2) Plaintiff and Jimmy Watson ("Watson") had earlier filed a lawsuit in Civil Action No. 10-978-LPS against the DSCYF and the AFSCME, both of whom are also named defendants in the instant lawsuit. In both cases, Plaintiffs proceed *pro se* and were granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Complaints in Civil Action Nos. 10-978-LPS and 12-019-LPS involve similar allegations and Defendants. Federal Rule of Civil Procedure 42(a) provides for consolidation "[w]hen actions involv[e] a common question of law or fact . . . to avoid unnecessary costs or delay." "District courts have the inherent authority to order consolidation *sua sponte*." *Plimpton v. Cooper*, 141 F. Supp. 2d 573, 575 (W.D.N.C. 2001) (citing *Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444 (4th Cir. 1999)).

Inasmuch as both complaints concern common questions of law and fact, the Court will consolidate the cases.

## VI. CONCLUSION

For the above reasons, Plaintiff will be allowed to proceed with her Title VII claim against DSCYF and her unfair labor practices claim against AFSCME, Bailey, and Henry. The remaining Defendants and the remaining claims will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the dismissed claims is futile. Plaintiff will be required to provide the Court with a copy of the charge of discrimination claiming gender discrimination. Civil Action No. 12-019-LPS will be consolidated with Civil Action No. 10-078-LPS.

An appropriate Order follows.