IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMY WATSON and SONJA L. TAYLOR-BRAY, | : |
| | : |
| Plaintiffs, | : |
| | : **CONSOLIDATED** |
| v. | : Civ. No. 10-978-LPS |
| | : |
| DEPARTMENT OF SERVICES FOR CHILDREN, YOUTHS AND THEIR FAMILIES DELAWARE, et al., | : |
| | : |
| Defendants. | : |

Jimmy Watson, Newark, Delaware and Sonja L. Taylor-Bray, Harrington, Delaware, Pro Se Plaintiffs.

Janice R. Tigani and Kevin R. Slattery, Deputy Attorneys General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant Delaware Department of Services for Children, Youths and Their Families.

Lance M. Geren, Esquire, Freedman and Lorry, P.C., Wilmington, Delaware, and Michael L. Artz, Esquire, Washington, DC. Counsel for Defendants American Federation of State, County and Municipal Employees, Pat Bailey, and Cameron Henry.

**MEMORANDUM OPINION**

March 26, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.     INTRODUCTION

Plaintiffs Jimmy Watson ("Watson") and Sonja L. Taylor-Bray ("Taylor-Bray") (together "Plaintiffs") filed Civ. No. 10-978-LPS on November 15, 2010, alleging discrimination pursuant to 42 U.S.C. § 1981. Taylor-Bray then filed a second case, Civ. No. 12-019-LPS, alleging discrimination. The cases were consolidated. Plaintiffs appear *pro se* and have been granted leave to proceed *in forma pauperis*.

Presently before the Court are Defendants' Motions to Dismiss (D.I. 47, 49, 62); Defendant American Federation of State, County and Municipal Employees International's ("AFSCME Int'l") Motion to Clarify Order (D.I. 56); Taylor-Bray's Motion for Summary Judgment (D.I. 66); and Defendants' Motion for Extension of Time to Answer the Motion for Summary Judgment (D.I. 67) and Motion to Stay regarding the Motion for Summary Judgment (D.I. 68).

For the reasons that follow, the Court will grant AFSCME Int'l's Motion to Dismiss, grant in part and deny in part the Motion to Dismiss filed by Delaware Department of Services for Youth and Their Families' ("DSCYF"), grant AFSCME Int'l's Motion to Clarify Order, grant the Motion to Dismiss filed by Defendants Pat Bailey ("Bailey") and Cameron Henry ("Henry"), deny without prejudice as premature the Motion for Summary Judgment, and deny as moot the Motion to Extend Time to Answer the Motion for Summary Judgment and the Motion to Stay regarding the Motion for Summary Judgment. In addition, the Court will withdraw the consolidation of Civ. No. 10-978-LPS and Civ. No. 12-019-LPS and the cases will proceed under their individual captions.

1

## II. BACKGROUND

Watson and Taylor-Bray were formerly employed as youth rehabilitation counselors in facilities operated by the DSCYF. They were both members of American Federal of State, County and Municipal Employees Local 2004 ("Local 2004"). (D. I. 44, D.I. 49 Ex. D) Local 2004, not AFSCME Int'l, is a party to a collective bargaining agreement with the DSCYF. (D.I. 49 Ex. D) Prior to consolidation of the cases, the Court dismissed the Complaint (D.I. 3) and its Amendment (D.I. 10) in Civ. No. 10-978-LPS and gave Plaintiffs leave to amend. (*See* D.I. 41, 42) The original pleadings attempted to raise claims pursuant to 42 U.S.C. § 1981. An Amended Complaint ("Second Amended Complaint") (D.I. 44) was filed on April 12, 2012, but contains no mention of Taylor-Bray. It names only Watson as a plaintiff and is signed only by Watson. Named as defendants are DSCYF with Vivian Rapposeli ("Rapposelli"), Karen Smith ("Smith"), Susan Jones ("Jones"), Mitch Rock ("Rock"), and Ben Garrison ("Garrison") in their official capacities for the DSCYF and AFSCME Int'l/Council 81 with Pat Bailey ("Bailey"), Cameron Henry ("Henry"), and Janice Williams ("Williams")[1] in their official capacities for AFSCME Int'l. The Second Amended Complaint raises the following claims: (1) Title VII race discrimination and retaliation; (2) 42 U.S.C. § 1981; and (3) violations of procedural and substantive due process. (*Id.*) It does not contain a prayer for relief.

Watson, who is black, alleges race discrimination and retaliation occurred when he was accused by Rock, who is white, of sexually harassing female students. Rock suspended Watson on May 29, 2009, pending an investigation. (*See* D.I. 44 at Charge of Discrimination 17C-2020-

---

[1]Williams was dismissed as a defendant in the original Complaint. (*See* D.I. 52, 53) She has not been served with the Second Amended Complaint.

00069) Following the investigation, Watson returned to work and Rock required Watson to undergo new employee training despite his twelve-year employment with DSCYF. Watson was discharged on September 29, 2009 after he witnessed an incident and failed to write an incident report.

Watson reported Rock's harassment to his supervisor and the union. Watson alleges that Rock engaged in systemic racism in the workplace; that DSCYF failed to follow proper procedures or investigate his claims prior to his discharge; and that Rock failed to follow DSCYF's procedures or the collective bargaining agreement in his discharge. Watson filed a charge of discrimination on December 23, 2009. A notice of right to sue was mailed to him on August 26, 2010.

Prior to the filing of the Second Amended Complaint, Taylor-Bray initiated Civ. No. 12-019-LPS, solely on her behalf. She raised claims pursuant to 42 U.S.C. § 1981 and § 1983, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, alleging gender discrimination and unfair labor practices. (Civ. No. 12-019-LPS at D.I. 2) The Court screened the Complaint and allowed Taylor-Bray to proceed with a Title VII claim against DSCYF and an unfair labor practices claim against AFSCME, Bailey, and Henry, and dismissed all other claims.[2] (D.I. 5)

Presently before the Court are Defendants' Motions to Dismiss (D.I. 47, 48, 62) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and AFSCME Int'l's Motion to Clarify Order (D.I. 56).

---

[2]Taylor-Bray was ordered to provide the Court with a copy of the charge of discrimination claiming gender discrimination at the same time she submitted service dockets. Although the Court docket reflects receipt of the charge of discrimination, it is not contained in the file.

3

Plaintiffs did not file responses to the Motions to Dismiss of AFSCME Int'l, Bailey, and Henry, but Watson filed an opposition to DSCYF's Motion to Dismiss (D.I. 51). Recently, Taylor-Bray filed a Motion for Summary Judgment (D.I. 66), which will be denied without prejudice as premature.

### III. LEGAL STANDARDS

DSCYF filed its Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). When a court is faced with 12(b)(1) and 12(b)(6) motions to dismiss, as a general rule, the correct procedure is to consider dismissal on the jurisdictional ground first, "for the obvious reason that if the court lacks jurisdiction to hear the case then a fortiori it lacks jurisdiction to rule on the merits." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 895 n.22 (3d Cir. 1977).

#### A. Rule 12(b)(1)

A 12(b)(1) motion to dismiss attacks the complaint either factually or facially. "The latter concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (quoting *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)); *see also Mortensen*, 549 F.2d at 891 (explaining that 12(b)(1) attack may be directed at "the existence of subject matter jurisdiction in fact").

In a facial attack, the Court must consider the allegations of the complaint as true. But in a factual attack, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. In a factual attack, "no presumptive

truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

When the issue of a court's jurisdiction and the merits of the case are intertwined, "a court may determine subject matter jurisdiction without reaching the merits, so long as the court 'demand[s] less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891) (permitting evaluation of jurisdiction for claim under Sherman Act where merits and jurisdiction closely intertwined).

### B. Rule 12(b)(6)

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, a court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting

5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 550 U.S. at 547. "The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## IV. DISCUSSION

Watson names as defendants DSCYF with its employees in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *see also Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. Nov. 16, 2009).

### A. Eleventh Amendment Immunity

DSCYF moves for dismissal of the 42 U.S.C. § 1981 claims raised in Count II by reason of its Eleventh Amendment immunity. As previously determined by this Court, Watson's § 1981 claim against the DSCYF is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001); D.I. 41, 42.

Although he does not mention the statute, in Count III Watson raises a 42 U.S.C. § 1983 claim against DSCYF by reason of his allegations that DSCYF's employees, in their official capacities, violated his procedural and substantive rights to due process under the Fourteenth Amendment. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Similar to the § 1981 claim, DSCYF has Eleventh Amendment immunity with regard to the § 1983 claims.

Accordingly, the Court will grant the Motion to Dismiss the § 1981 claim in Count II raised against the DSCYF's employees in their official capacities and will *sua sponte* dismiss the § 1983 claims in Count III raised against DSCYF's employees in their official capacities.[3]

**B.      Title VII**

Count I raises Title VII race discrimination[4] and retaliation[5] claims pursuant to 42 U.S.C. § 2000e, *et seq*. Watson filed an EEOC charge against DSCYF asserting discrimination and retaliation by reason of race. DSCYF moves for dismissal of Watson's Title VII claim on the

---

[3]The Court has the authority *sua sponte* to dismiss the claims against Williams pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will not address the merits of the procedural and substantive due process claims raised against DSCYF's employees as they are immune from suit.

[4]Title VII states that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire . . . any individual or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a).

[5]The elements of a retaliation claim are that: (1) plaintiff engaged in protected activity; (2) the employer took a materially adverse action against him; and (3) there was a causal connection between the protected activity and the employer's action. *See LeBoon v. Lancaster Jewish Comty. Ctr. Ass'n*, 503 F.3d 217, 231 (3d Cir. 2007).

grounds that Count I fails to state a claim upon which relief may be granted. AFSCME Int'l also moves for dismissal of the Title VII claims.[6]

The Title VII claims against DSCYF employees in their official capacities are actually claims against the DSCYF. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (noting that individual employees cannot be held liable under Title VII); *Clarke v. Whitney*, 907 F.Supp. 893, 895 (E.D. Pa. 1995) ("[A] suit against a defendant in his or her official capacity is simply another way to sue the defendant's employing entity."). Accordingly, Watson's Title VII claims against the DSCYF employees in their official capacities will be dismissed.

DSCYF contends that the Title VII claims must be dismissed because Watson failed to allege a *prima facie* case of discrimination. A complaint in an employment discrimination lawsuit need not contain specific facts establishing a *prima facie* case of discrimination under *McDonnell Douglas*, but it must contain at least a short and plain statement of the claim showing that the pleader is entitled to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Watson has met that burden.

---

[6]Section 2000e-2(c) provides that it shall be an unlawful employment practice for a labor organization to: (1) to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin; (2) limit, segregate, or classify its membership or applicants for membership, or to classify or fail or refuse to refer for employment any individual, in any way which would deprive or tend to deprive any individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect his status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, or national origin; or (3) cause or attempt to cause an employer to discriminate against an individual in violation of this section.

8

Attached to the Second Amended Complaint is the charge of discrimination Watson submitted to the EEOC. A district court may consider facts alleged in the complaint and its attachments on a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court may also take into consideration a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. The factual assertions in the charge of discrimination attached to the Second Amended Complaint include Watson's race; the race of his principal antagonist; the acts of initial discrimination that allegedly occurred on, and after, May 29, 2009; references to Watson informing his employer of alleged race discrimination; and Watson's subsequent discharge on September 29, 2009, after reporting the discrimination.

The Court concludes that Watson has raised sufficient factual assertions to withstand DSCYF's Motion to Dismiss the Title VII claims. Therefore, the Court will deny DSCYF's Motion to Dismiss the Title VII claims raised against it in Count I.

To the extent that Watson attempts to raise a Title VII claim against AFSCME Int'l, the clam fails. Under Title VII, a union is barred from discriminating against its members based on race, color, religion, sex, or national origin. *See Martinez v. International Broth. of Elec. Workers - IBEW Local Union No. 98*, 352 F. App'x 737, 740 (3d Cir. Nov. 19, 2009) (citing 42 U.S.C. § 2000e-2(c) and *Anjelino v. New York Times*, 200 F.3d 73, 95-96 (3d Cir 1999)).

Watson alleges that AFSCME Int'l "was aware of conflict of interest issues which immensely affected the efficiency of representation which Council 81 provided to Local 2004 members who were predominately minority . . . in comparison to other members such as those of various Local 3384 members." (D.I. 44 at ¶ I) Watson further alleges that he was racially

9

discriminated against and the discrimination was "sustained thru conflict of interest/collusion with management by the state mandated employee organization tasked to provide representation." (*Id.* at ¶ I.A) Finally, Watson's charge of discrimination states that Watson reported Rock's harassment to the union. (D.I. 44 Ex.)

Count I contains no facts to support a claim against AFSCME Int'l. Instead, the allegations are directed towards Watson's employer and the local unions, not AFSCME Int'l. Even were the Court to consider the allegations as directed towards AFSCME Int'l, the allegations fail to demonstrate that AFSCME Int'l itself committed any unlawful employment practices. Finally, as discussed below, the Second Amended Complaint fails to allege any basis for holding AFSCME Int'l vicariously liable for the alleged acts of its local affiliates. Therefore, the Court will grant AFSCME Int'l's Motion to Dismiss Count I of the Second Amended Complaint.

### C. 42 U.S.C. § 1981

AFSCME Int'l moves for dismissal of the 42 U.S.C. § 1981 claim raised in Count II on the grounds that it contains no allegations directed towards it, other than a misidentification of a local union official.

Section 1981(a) provides:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

To state a claim under section § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001).

Count II alleges that Donald Mcilvain ("Mcilvain"), a non-defendant, is: (1) a non-minority; (2) an AFSCME International Officer; (3) a DSCYF supervisor; and (4) an individual who maintained control over Locals 3384 and 2004. (D.I. 44 at ¶¶ II.A) It further alleges that Mcilvain was not terminated when he left the control room unmanned while Watson, a minority, was terminated for failure to report a critical incident. (*Id.* at ¶¶ II.A.3, B) Watson alleges that DSCYF employees Rock and Zuka showed premeditation to fabricate violations against him and that Local 2004 minority members were disproportionately impacted when disciplined.

After considering the allegations, the Court concludes that Watson has failed to demonstrate the elements of a § 1981 claim against AFSCME Int'l. Watson's claims of discrimination are directed towards Rock, an employee of DSCYF, not AFSCME Int'l. In addition, the alleged acts by Mcilvain do not include any acts of discrimination. Finally, the references to Mcilvain, while confusing, lead the Court to conclude that Mcilvain is incorrectly identified as having an affiliation with AFSCME Int'l. For these reasons, the Court will grant AFSCME Int'l's Motion to Dismiss Count II of the Second Amended Complaint.

### D. 14th Amendment Due Process

AFSCME Int'l moves for dismissal of the due process claims on the basis that it is not legally responsible for its affiliate organizations. AFSCME Int'l is not mentioned in Count III.

In Count III, Watson alleges that he was removed from duty and suspended from his position in violation of procedural due process and public policy. Watson alleges that: (1) DSCYF Deputy Superintendent Garrison removed him from duty in violation of the Local 2004 collective bargaining agreement, Article 10; and (2) he received an intercom call from DSCYF Superintendent Rock, DSCYF Supervisor Hollis, and Local 2004 Treasurer/Secretary Williams in violation of his *Weingarten* rights.[7] Watson was advised that he was suspended indefinitely.

Two weeks later, DSCYF Supervisor Faust informed Watson that he would return to work once Rock "figured out how to bring him back." (D.I. 44 at ¶ III.A) Watson was terminated on September 23, 2009, when he was handed a notice of termination from Local 2004 President Henry and then escorted into a room with Rock and Jones. Watson requested a post-termination hearing and it was conducted by Darryl Dawson. He alleges that he did not receive a written decision or copy of an institution abuse finding.

When determining the vicarious liability of an international union for the discriminatory actions of its local union affiliates and their officers, common law agency principles apply. *See, e.g., Carbon Fuel Co. v. United Mine Workers*, 444 U.S. 212 (1979); *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395, 1429 (D.C. Cir. 1988). A principal-agent relationship may not be inferred solely from affiliation between an international union and a local union. *See, e.g., Carbon Fuel*, 444 U.S. at 217; *Coronado Coal Co. v. United Mine Workers of Am.*, 268 U.S. 295, 304-05 (1925); *United Mine Workers of Am. v. Coronado Coal Co.*, 259 U.S.

---

[7]"The Supreme Court's decision in *NLRB v. J. Weingarten, Inc.*, 420 U.S. 251 (1975), entitles employees who are union members to union representation during investigatory interviews." *Dennis v. County of Atl. Cnty.*, 863 F. Supp. 2d 372, 387 (D.N.J. 2012).

344, 395 (1922). "The test to determine whether an agency relationship exists is essentially one of balancing the character of the business affairs subject to the International's control and supervision against those left to the discretion of the local." *Alexander v. Local 496, Laborers Int'l Union of N. Am.*, 778 F.Supp. 1401, 1420 (N.D. Ohio 1991) (citing *Berrigan v. Greyhound Lines, Inc.*, 560 F.Supp. 165, 169 (D.Mass. 1982)). In addition, "[t]o be held liable for the actions of individuals, a union must be shown to have 'instigated, supported, ratified or encouraged' the particular activities in question." *Feather v. United Mine Workers of Am.*, 711 F.2d 530, 539 (3d Cir. 1983).

Even accepting all well-pled facts as true and drawing all reasonable inferences in favor of Watson, the Court finds that the Second Amended Complaint does not allege facts sufficient to state a plausible right to relief on the grounds that AFSCME Int'l in any way violated Watson's due process rights. Accordingly, the Court will grant AFSCME Int'l's Motion to Dismiss Count III of the Second Amended Complaint.

### E. Unfair Labor Practices and the Duty of Fair Representation

Plaintiffs have named as defendants Bailey, Henry, and Williams. Bailey is a staff representative with Council 8, Henry is the former president of Local 2004, and Williams is the treasurer/secretary for Local 2004.[8] Bailey and Henry move for dismissal for failure to state a claim upon which relief may be granted. (*See* D.I. 62) As noted, Williams has never been served. In addition, AFSCME Int'l moves for clarification of the Court's previous order that allowed Taylor-Bray to proceed against it. (*See* D.I. 57)

---

[8]According to Bailey and Henry, Local 2004 is a subordinate body to Council 81. (D.I. 62 at 2)

13

The Court has liberally construed the claims of Taylor-Bray as alleging unfair labor practices or a breach of duty of fair representation claim against AFSCME, Bailey, and Henry. *See e.g.*, 29 U.S.C. § 185. In the Second Amended Complaint, Watson attempts to raise similar claims against Bailey, Henry, and Williams in their official capacities.

Plaintiffs, however, may not bring actions for the breach of the duty of fair representation against individual union officials. *See Carino v. Stefan*, 376 F.3d 156, 160 (3d Cir. 2004) ("[A] damage claim may not be maintained against an individual union officer even if the individual's conduct was unauthorized by the union and was in violation of an existing bargaining agreement.")). In addition, for the reasons discussed above, Taylor-Bray may not raise claims against AFSCME Int'l based on vicarious liability for the acts of local unions.

For the above reasons, the Court will grant the Motion to Dismiss (D.I. 62) filed by Bailey and Henry, will grant AFSCME Int'l's Motion to Clarify (D.I. 56), dismiss AFSCME Int'l as a defendant, and will dismiss the claims against Williams *sua sponte*.[9]

## V. CONSOLIDATION OF CASES

The Court consolidated the Complaints in Civil Action Nos. 10-978-LPS and 12-019-LPS. Having considered the Second Amended Complaint filed solely by Watson and the Complaint filed solely by Taylor-Bray, the Court concludes that the actions no longer involve common questions of fact. The only viable claims are the discrete Title VII claims of each Plaintiff against their former employer, DSCYF. Therefore, the Court will withdraw the

---

[9] The Court has the authority *sua sponte* to dismiss the claims against Williams pursuant to 28 U.S.C. § 1915(e)(2)(B).

14

consolidation of Civil Action Nos. 10-978-LPS and 12-019-LPS. Each case will proceed under its individual caption.

## VI. CONCLUSION

For the above reasons, the Court will: (1) grant in part and deny in part DSCYF's Motion to Dismiss (D.I. 48); (2) grant AFSCME Int'l's Motion to Dismiss (D.I. 47); (3) grant the Motion to Dismiss (D.I. 62) filed by Bailey and Henry; (4) grant the Motion to Clarify (D.I. 56); (5) *sua sponte* dismiss Williams as a defendant; (6) deny without prejudice as premature the Motion for Summary Judgment (D.I. 66); (7) deny as moot the Motion to Extend Time to Answer the Motion for Summary Judgment (D.I. 67); (8) deny as moot the Motion to Stay regarding the Motion for Summary Judgment (D.I. 68); and (9) withdraw the consolidation of Civil Action No. 12-019-LPS and Civil Action No. 10-078-LPS.

An appropriate Order follows.

15